# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MR. ELECTRIC CORP.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 06-2414-CM |
| | ) |
| **REIAD KHALIL, an individual,** | ) |
| **and ALBER ELECTRIC CO., INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This case is before the court on several motions: Defendants' Joint Motion for Stay of Order Granting Preliminary Injunction (Doc. 19); Defendant Alber Electric Inc.'s Motion for Reconsideration of Preliminary Injunction (Doc. 20); Defendant Reiad Khalil's Motion for Reconsideration of Preliminary Injunction (Doc. 21); and Defendants' Joint Petition for Rehearing (Doc. 24). All of defendants' motions appear to rest on three arguments: (1) neither defendant had adequate representation at the preliminary injunction hearing — defendant Khalil proceeded *pro se* and defendant Alber Electric, a corporation, had no representation; (2) the court did not give reasoning for every term of the preliminary injunction granted; and (3) the preliminary injunction was disfavored under *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973 (10th Cir. 2004). Significantly, defendants fail to direct the court to any evidence that the issuance of the preliminary injunction was based on inaccurate facts or was otherwise improper. For the following reasons, the motions are denied.

The court first takes up the motions for reconsideration. Whether to grant or deny a motion for

reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505. Defendants do not specify under which grounds they seek relief, but their arguments are best characterized as arguments that they will suffer manifest injustice if the preliminary injunction stands.

**I. Representation of Defendants at Hearing**

Defendants were served with plaintiff's motion for a preliminary injunction on Friday, September 29, 2006. After a telephone conference call that was twice-postponed for defendants to obtain counsel, the court allowed defendants to respond in writing to the motion and held a hearing on October 17, 2006, more than two weeks after service of the motion. Defendant Khalil voluntarily proceeded *pro se* at the hearing, but the court informed him that he would not be able to represent the corporation Alber Electric.

The court finds no basis for reconsideration in the fact that defendant Khalil proceeded *pro se* and defendant Alber Electric was unrepresented at the hearing. Whether defendants made the calculated

decision not to obtain counsel, or whether they simply could not retain counsel, the court gave them adequate time to find representation and otherwise prepare before the hearing.  Moreover, as previously noted, they have offered no evidence suggesting that the outcome of the hearing would have been different had they had counsel.

**II.  The Court's Reasoning**

The court detailed its reasoning for granting the preliminary injunction on the record at the October 17 hearing.  Fed. R. Civ. P. 65(d) does not require that the court detail with specificity the reason for every term of the injunction.  Rather, it requires that the order "set forth the reasons for its issuance; . . . be specific in terms; [and] . . . describe in reasonable detail . . . the act or acts sought to be restrained."

Defendants complain that the court did not give its reasons on the record for paragraph six of its written order, which requires that defendant Khalil comply with post-termination provisions contained in the franchise agreement, including that he pay "all debts to third party creditors . . . as well as debts owing to Mr. Electric, including under his January 31, 2005 promissory note."  Paragraph seven of the written order requires that all terms of the order be completed and certified within ten days.  Plaintiff's response to defendants' motion suggests that plaintiff does not intend to enforce those provisions of the franchise agreement immediately.  Plaintiff also suggests that the court's order sets forth no timetable for defendant to repay its debts.  Based on plaintiff's representations, it appears that defendants' argument may be moot.  To the extent     that the argument is not moot, the court finds that the provisions remain appropriate.  The court specifically found at the hearing that plaintiff met its burden of showing a substantial likelihood of prevailing on the merits of its breach of contract claim and that defendant Khalil had failed to comply with paragraph 12.A. of the franchise agreement.  Reconsideration is not warranted here for lack of specificity.

### III. The *O Centro* Effect

The court disagrees that the *O Centro* disfavored preliminary injunction standards apply here. First, the court's order did not alter the status quo because the status quo is the last uncontested status of the parties. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005). Second, the preliminary injunction is prohibitory, not mandatory; it prohibits defendants from violating trademark and unfair competition law, as well as the parties' franchise agreement. Third, the preliminary injunction did not grant plaintiff all relief sought in this case. Damages are still at issue. In any event, whether *O Centro* applies here does not matter. The result would be the same. Plaintiff met its burden either way.

### IV. Conclusion

Defendants fail to meet their burden of showing that reconsideration is necessary to prevent manifest injustice. They present arguments that could have been raised in the first instance. And they fail to offer anything that would change the substance of the evidence presented before and during the hearing. Because the court finds no basis for reconsideration, defendants' motions for a stay and rehearing are denied as moot.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion for Stay of Order Granting Preliminary Injunction (Doc. 19); Defendant Alber Electric Inc.'s Motion for Reconsideration of Preliminary Injunction (Doc. 20); Defendant Reiad Khalil's Motion for Reconsideration of Preliminary Injunction (Doc. 21); and Defendants' Joint Petition for Rehearing (Doc. 24) are denied.

Dated this  26th  day of February 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**