IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MR. ELECTRIC CORP.,**

        **Plaintiff,**

**v.**                                                       **No.  06-2414-CM-GLR**

**REIAD KHALIL, and ALBER**
**ELECTRIC CO., INC.,**

        **Defendants.**

## O R D E R

On July 19, 2007, the Court held a telephone status conference in lieu of the scheduled Final Pretrial Conference. Plaintiff appeared through counsel, David A. Jermann, II and James H. Sullivan, Jr. Defendant Alber Electric Co. Inc. ("Alber Electric") appeared through counsel, Tarak Devkota. Defendant Reiad Khalil did not appear due to the filing of his Notice of Bankruptcy. This Order memorializes the Court's rulings at the status conference:

(1) Defense Counsel's Motion to Withdraw (doc. 59) is stayed as to Defendant Khalil, due to his impending bankruptcy. The motion is overruled as to Defendant Alber Electric for inadequate compliance with D. Kan. Rule 83.5.5. There has been no showing that proper notice has been served upon Defendant Alber Electric. This ruling is without prejudice to filing further motion that complies with D. Kan. Rule 83.5.5.

(2) Plaintiff's Motion for Sanctions and For Extension of Discovery and Intermediary Periods as to Defendant Alber Electric (doc. 92) is sustained in part and overruled in part, as set forth below:

(a) Plaintiff's request for an order compelling Defendant Alber Electric to serve all outstanding information and documents on Plaintiff is sustained. **Within seven (7) days of the date of this Order**, Defendant Alber Electric shall serve Plaintiff with: (i) its Rule 26(a)(1) initial disclosures; (ii) the Court-mandated written list of subjects for which Alber Electric will seek discovery; (iii) its response to Mr. Electric's proposed protective order; and (iv) its supplemental responses to Mr. Electric's First Set of Interrogatories and Requests for Production of Documents and Things, updating its previous responses to incorporate missing information or documents as described by Khalil in his Section 341 Hearing testimony.

(b) Plaintiff's request for sanctions based upon Defendant Alber Electric's failure to fulfill its Court-ordered responsibilities pursuant to the Court's Scheduling Order and March 22, 2007 Order is sustained. **Within sixty (60) days of the date of this Order**, Defendant Alber Electric shall pay to Plaintiff and its attorney the sum of $500 as reasonable expenses for the filing of this motion pursuant to Fed. R. Civ. P. 37(b), and, after such payment is made, shall file with the Court a receipt or affidavit evidencing such payment.

    (c)    Plaintiff's request for sixty-day extensions of the Scheduling Order deadlines for discovery and all other intermediary deadlines, except the trial setting, is sustained and the following deadlines extended as follows.

        (i)    The deadline for completion of discovery is extended to **September 17, 2007**.

        (ii)    The final pretrial conference is continued to **September 27, 2007 at 3:15 p.m.** before Magistrate Judge Gerald L. Rushfelt, and will be held by telephone. No later than **September 20, 2007**, the parties shall submit to the Magistrate Judge (but not file with the Clerk's Office) their jointly-prepared pretrial order to *ksd_rushfelt_chambers@ksd.uscourts.gov*.

        (iii)    The deadline for filing dispositive motions (e.g., motions for summary judgment) is extended to **October 4, 2007**.

        (iv)    The deadline for filing motions challenging admissibility of expert testimony is extended to **December 10, 2007**.

    (d)    Plaintiff's request that Alber Electric be required to retain counsel to represent it in this matter within seven days if present counsel is permitted to withdraw is overruled.

    (e)    Plaintiff's request that default judgment be entered against Defendant Alber Electric is overruled. The Court finds that default judgment is not appropriate at this time, but will caution Defendant Alber Electric that further failures to comply with the Court's Orders and its discovery

obligations under the Federal Rules of Civil Procedure may result in default judgment being entered against it.

The requirements of this Order do not apply to the defendant Reiad Khalil, due to the stay of proceedings as to him because of his pending bankruptcy.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 24th day of July, 2007.

                                            s/ Gerald L. Rushfelt
                                            Gerald L. Rushfelt
                                            United States Magistrate Judge

cc:    All counsel and *pro se* parties