## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MR. ELECTRIC CORP.,**

       **Plaintiff,**

**v.**                                                    **No.  06-2414-CM-GLR**

**REIAD KHALIL, and ALBER**
**ELECTRIC CO., INC.,**

       **Defendants.**

## REPORT AND RECOMMENDATION

## NOTICE

Within ten days after a party is served with a copy of this Report and Recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law.  A party must file any objections within the <u>ten-day period allowed</u>; if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

The Court further notes, however, that this Report and Recommendation relates only to Plaintiff and to Defendant Alber Electric Co., Inc. and not to co-Defendant Reiad Khalil.  The latter Defendant is in bankruptcy.

## REPORT

On August 17, 2007, Plaintiff Mr. Electric Corp. filed a Motion for Sanctions (doc. 68).  It requests that the Court issue an order for the following relief:  (1) sanction Defendant Alber Electric Co., Inc. ("Alber Electric") for its violation of the Order of July 24, 2007 (doc. 67); (2) strike Alber

Electric's answer, filed November 17, 2006 (doc. 26); (3) direct the entry of default against Alber Electric, pursuant to Fed. R. Civ. P. 55(a); and (4) award Plaintiff reasonable attorneys fees incurred in connection with the instant motion, pursuant to Fed. R. Civ. P. 37(b).  On September 25, 2007, Defendant Alber Electric filed its opposition to the motion.  Defendant Alber Electric thereby consents to entry of judgment by default against it on the permanent injunction requested by Plaintiff.  It continues, however, to oppose any claim for damages.  Defendant Alber Electric also opposes the imposition of further sanctions, as well as any award of Plaintiff's reasonable expenses under Fed. R. Civ. P. 37(b).

On September 27, 2007, the Magistrate Judge conducted a status conference with Plaintiff and Defendant Alber Electric.  Defendant Alber Electric appeared through its newly-retained counsel.  Based upon its consent to default judgment, the Magistrate Judge found no further need for a pretrial conference as between Plaintiff and Defendant Alber Electric.  The only remaining issue as to Defendant Alber Electric is damages.  Given Defendant Alber Electric's consent to default judgment, Plaintiff indicated it would seek no further discovery.

Because Defendant Alber Electric indicates that it consents to entry of judgment by default, the Magistrate Judge recommends that the request by Plaintiff for such entry of judgment, pursuant to Fed. R. Civ. P. 55(a), be granted only as against Defendant Alber Electric.

Plaintiff also requests that the Court impose sanctions upon Defendant Alber Electric for its violation of the Order of July 24, 2007(doc. 67), and for its inadequate participation in discovery proceedings subsequent to the filing of its November 17, 2006 Answer.  The Court's July 24 Order, *inter alia*, ordered Defendant Alber Electric to serve Plaintiff with: (i) its Rule 26(a)(1) initial disclosures; (ii) the Court-mandated written list of subjects for which Alber Electric will seek discovery; (iii) its response to Plaintiff's proposed protective order; and (iv) its supplemental

responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents and Things.  Such discovery was to be served within seven days of the date of the Order.  The Order also sustained the request by Plaintiff for sanctions for the failure of Defendant Alber Electric to fulfill its responsibilities, pursuant to the Scheduling Order and Order of March 22, 2007.  Defendant Alber Electric was ordered to pay Plaintiff and its attorney $500 as reasonable expenses for filing the motion.  Such payment was to be paid within sixty days of the date of the Order.

Defendant Alber Electric failed to serve Plaintiff with specifically-identified outstanding information and documents within seven days as ordered by the Court.  Plaintiff therefore filed the instant Motion for Sanctions on August 17, 2007.  Plaintiff argues that throughout the course of this action Defendant Alber Electric has shown a cavalier disregard for these proceedings and for the Court's rules and processes.  It was forced to file the Motion for Sanctions as a direct result of Defendants' refusal to participate in the required obligations of discovery under Rule 26, despite the fact that both Defendants had been ordered by the Court – on two earlier occasions – to comply with the Court's scheduling order as regards other documents and filings required by Defendants.  Specifically, before Plaintiff pursued its Motion to Compel against Defendant Alber Electric, Defendants had already twice been ordered to provide Plaintiff with outstanding information and documents, notably including their Rule 26(a)(1) initial disclosures.

Opposing the motion, Defendant Alber Electric states it has timely submitted the ordered payment and has complied with the July 24 Order to the extent it is not rendered moot by its consent to entry of judgment by default.  It contends that the present status of the case does not merit the imposition of contempt sanctions.  The remaining tasks set forth in the July 24 Order no longer serve any purpose, given that discovery has closed and that entry of default against Defendant Alber Electric is imminent.  The remaining tasks ordered would only facilitate discovery procedures now

moot, because no further litigation of liability is anticipated, at least as to Defendant Alber Electric, and only the amount of damages remains to be determined.

Federal Rule of Civil Procedure 37(b) permits the imposition of a variety of sanctions upon failure to cooperate in discovery. The imposition of sanctions for a party who violates discovery orders, as well as the choice of an appropriate sanction, is a matter committed to the sound discretion of the court.[1] In considering the imposition of sanctions, the court may consider whether a party's failure was substantially justified or whether other circumstances made the imposition of sanctions inappropriate.[2] Under Fed. R. Civ. P. 37(b)(2), if a party fails to obey an order compelling discovery, the court "may make such orders in regard to the failure as are just." It further provides a nonexclusive list of possibilities, including preclusion orders, the striking of claims or defenses, and contempt.[3] In lieu or in addition to any of these, the court "shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."[4]

The Magistrate Judge finds sanctions under Fed. R. Civ. P. 37(b)(2) appropriate here. Defendant Alber Electric never fully complied with the Court's July 24 Order to produce the information and documents it was ordered to produce. Although the previously requested discovery may be moot, the failure of Defendant Alber Electric to respond in any way to the previous order

---

[1]*See* D. Kan. Rule 11.1(c) ("The imposition of sanctions for violation of a local rule or order is discretionary with the court.").

[2]D. Kan. Rule 11.1(c).

[3]Fed. R. Civ. P. 37(b)(2)(A)-(E).

[4]Fed. R. Civ. P. 37(b)(2).

created the occasion for Plaintiff to file its motion for sanctions.  Plaintiff incurred attorney fees in the preparation and filing of its motion, which would not have been necessary if Defendant Alber Electric had earlier taken some action in the case.  The Magistrate Judge therefore recommends that Defendant Alber Electric be sanctioned in the amount of $1,000 for its failure to comply with the Court's July 24 Order.

## RECOMMENDATION

The undersigned Magistrate Judge respectfully recommends that Plaintiff's Motion for Discovery Sanctions, Including Entry of Judgment by Default, as to Defendant Alber Electric (doc. 68) be sustained in part and overruled in part.  The Magistrate Judge recommends sustaining Plaintiff's request for entry of default judgment against Alber Electric pursuant to Fed. R. Civ. P. 55(a).  The Magistrate Judge further recommends that Defendant Alber Electric be sanctioned pursuant to Fed. R. Civ. P. 37(b)(2) for its failure to comply with the Court's July 24 Order and be ordered to pay to Plaintiff and its attorney the sum of $1,000 as sanctions for such failure.  The Magistrate Judge recommends that the remainder of Plaintiff's motion, including the request to strike Defendant Alber Electric's answer, be overruled.  These recommendations do not affect or pertain to co-defendant Reiad Khalil; inasmuch as he is in bankruptcy.

Respectfully submitted.

Dated in Kansas City, Kansas on this 12th day of October, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:    All counsel and *pro se* parties

5