IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MR. ELECTRIC CORP.,

        Plaintiff,

v.                            Case No.  06-2414-CM-GLR

REIAD KHALIL, and
ALBER ELECTRIC CO., INC.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Discovery (doc. 105) filed by Defendant Alber Electric Co., Inc. (Defendant Alber) on November 6, 2008.  It requests an order, pursuant to Fed. R. Civ. P. 37(a)(3)(B) and (a)(5), to compel Plaintiff to fully respond to its First and Second Set of Interrogatories and First Set of Requests for Production of Documents and Things.  It alternatively requests that Plaintiff not be allowed to offer at the forthcoming hearing for damages any witnesses or evidence Plaintiff has not timely identified or produced in the case.

The Court notes the following chronology: On September 15, 2008, Plaintiff served Defendant Alber with responses and objections to both the first and second sets of interrogatories and to the requests for production.  On October 7, 2008, counsel for Defendant Alber sent opposing counsel a letter in which it argues that the objections and other responses are unjustified and inadequate.  It asks Plaintiff to supplement them with responsive information.  (Doc. 105, Ex. E.) The letter further advises that, "If we do not receive the requested information by Friday, October 10, 2008, we will be forced to bring this matter to the attention of the court.  Do not hesitate to call if you wish to discuss this matter further.  We await your response."

The Court finds nothing to detail what happened for the rest of the month. But on November 6, 2008, Defendant Alber filed the instant motion. On November 24, 2008, Plaintiff served supplemental responses to both sets of interrogatories and to the requests for production. It also produced documents. In reply to the response of Plaintiff, nevertheless, Defendant Alber asks the Court to strike the "belated responses and disclosures, order that [Plaintiff] not be allowed to rely on the testimony of Jeff Meyers, Reiad Khalil, James Hayes, David Jermann, and Robert Alber at trial." It also asks for an award of attorneys fees and expenses in preparing the motion and reply.

Fed. R. Civ. P. 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." D. Kan. Rule 37.2 further provides that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes <u>shall describe with particularity the steps taken by all counsel</u> to resolve the issues in dispute." (Underscoring added.) The local rule continues as follows: "A 'reasonable effort to confer' means <u>more than mailing or faxing a letter</u> to the opposing party. It requires that the parties in good faith <u>converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.</u>" (Underscoring added.)

The Court cannot find that the parties have fulfilled the requirements of these rules. It finds no certificate of compliance. The responses of Plaintiff, as well as its argument, suggest that some of the requested discovery may indeed be moot. Indeed, the argument may have weight. The only remaining issue appears to be the nature and extent of recovery by Plaintiff of profits received by Defendant, as may be shown by an accounting of its records, if ordered by the Court. Counsel

should at least have discussed the matter, before filing the motion.  The Court finds nothing to indicate they have done so.  For the foregoing reasons the Court overrules the motion.

IT IS THEREFORE ORDERED THAT Defendant Alber Electric's Motion to Compel Discovery (doc. 105) is overruled, as set forth herein.

IT IS SO ORDERED.

Dated this 23rd day of December 2008, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge
