IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MR. ELECTRIC CORP.,

                Plaintiff,

v.                                             Case No. 06-2414-CM-GLR

REIAD KHALIL, and
ALBER ELECTRIC CO., INC.,

                Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Reconsideration of December 3, 2008 Order (doc. 118) filed by Defendant Alber Electric Co., Inc. (Defendant Alber). It seeks reconsideration of the Court's December 3, 2008 docket entry Order (doc. 117) finding its Motion for Protective Order to be moot. It further requests that the Court strike the Fed. R. Civ. P. 30(b)(6) deposition of Alber Electric or, in the alternative, order Plaintiff to expressly identify each portion of the transcript it intends to rely upon at the damages hearing and specifically explain how it relates to damages. As set forth below, the Motion for Reconsideration is overruled. The Court will sustain in part and overrule in part the alternative motion for Plaintiff to identify each portion of the transcript upon which it will rely at the damages hearing.

**I.**        **Relevant Facts**

On November 11, 2008, Defendant Alber filed a Motion for Protective Order (doc. 110) in which it sought an order to strike the deposition notices of witnesses Nick Abed and Moe Maree and limiting the deposition of defendant Reiad Khalil to two hours. On November 26, 2008, Plaintiff Mr. Electric filed a Notice to the Court Regarding the Motion for Protective Order (doc. 116), which stated that:

> the parties have resolved their differences regarding the Motion for Protective Order filed by Alber Electric Co., Inc. ("Alber") on November 11, 2008, relating to, inter alia, the deposition notices of Mr. Nick Abed and Mr. Moe Maree. Counsel for Alber has indicated that he will be moving to withdraw the Motion for Protective Order but to date has not yet done so.  Nevertheless, Mr. Electric believes the motion is moot as the parties have resolved the matters that were at issue in the motion and as a Rule 30(b)(6) deposition of Alber was conducted on November 18, 2008.

Based upon the assertions contained in Plaintiff's Notice, the Court entered its Order (doc. 117) on December 3, 2008, finding as moot Defendant Alber Electric's Motion for Protective Order. Defendant Alber Electric filed the instant Motion for Reconsideration on December 4, 2008.

## II.	Motion for Reconsideration

Defendant Alber Electric moves for reconsideration of the Order of December 3, 2008.  It argues that the ruling was based solely on the representations of Plaintiff.  In support of its motion, Defendant Alber Electric states that the issues regarding the Motion for Protective Order for the depositions of Moe Maree and Nick Abed were resolved and a solution was proposed to resolve the issues related to Reiad Khalil and Alber Electric.  Specifically, Plaintiff narrowed the scope of the deposition to issues of damages only and represented that it would not seek discovery beyond the subjects identified in the deposition notice.  According to Defendant, counsel for Plaintiff represented that the deposition would take two to three hours, based upon the previous schedule for all three depositions in one day, and would likely conclude by lunch.  Based upon these representations and assurances, Defendant Alber Electric agreed to proceed with the deposition on November 18, 2008, and withdraw its motion for protective order. During the deposition, however, Defendant believed that opposing counsel repeatedly strayed outside the agreed-upon subjects and wasted a considerable amount of time on irrelevant issues.

Plaintiff responds that Defendant Alber Electric previously agreed to withdraw its Motion for a Protective Order and to allow the Rule 30(b)(6) deposition to proceed. It further denies that its counsel repeatedly strayed outside the topics set forth in the Rule 30(b)(6) Notice. It maintains that the questions with respect to income statements were intended to facilitate an adequate understanding of Defendant Alber Electric's revenues. Its income arguably forms a key component of Plaintiff's request for an accounting of Defendant Alber Electric's profits, incidental to its admitted willful infringement under 15 U.S.C. § 1117.

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[1] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b). It addresses reconsideration of non-dispositive rulings. Pursuant to D. Kan. Rule 7.3(b), motions for reconsideration of non-dispositive orders must be based upon "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party

---

[1] *Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[2] *Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

produces new evidence which it could not have obtained through the exercise of due diligence."[3] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[4]

In its Motion for Reconsideration Defendant Alber Electric fails to cite any of the enumerated grounds in D. Kan. Rule 7.3(b) for reconsidering a non-dispositive order. It further concedes that it agreed to withdraw its motion for protective order and to allow the Rule 30(b)(6) deposition to proceed. Thus the Court finds no grounds for granting reconsideration of its Order of December 5, 2008, finding the motion for protective order moot.

### III.     Request to Strike Deposition

Although Defendant Alber Electric titled its motion as one for reconsideration, it asks the Court to strike the Rule 30(b)(6) deposition of Alber Electric conducted on November 18, 2008. It alternatively requests that the Court order Plaintiff to expressly identify each portion of the transcript it intends to rely upon at the damages hearing and specifically explain how the transcript section identified relates to damages. It bases its requests for relief upon the alleged failure of opposing counsel to remain within the agreed bounds of the deposition and counsel inquiring about irrelevant issues.

---

[3]*Doerge v. Crum's Enters., Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan.1989)).

[4]*Classic Commc'ns, Inc. v. Rural Tel. Serv., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

The Court overrules Defendant Alber Electric's request to strike the Rule 30(b)(6) deposition of Alber Electric conducted on November 18, 2008.  Defendant has not demonstrated a sufficient reason to warrant the drastic sanction of striking the deposition.

The Court will sustain in part and overrule in part Defendant Alber Electric's request for an order to require Plaintiff to expressly identify each portion of the transcript upon which it intends to rely at the damages hearing.  Plaintiff's Pre-Trial Disclosures (doc. 123), filed November 10, 2008, indicate that Plaintiff intends to have all of its named witnesses testify.  It indicates that it expects to use the deposition testimony of Alber Electric's Rule 30(b)(6) witness, Reiad Khalil, only for impeachment purposes, if necessary at the hearing.  For this limited use of the transcript, Plaintiff need not identify the parts it would offer at the hearing.  Indeed, it would not know which parts it would offer for impeachment, until the witness has testified at the hearing.  If Plaintiff intends to offer any deposition testimony of Mr. Khalil for purposes other than impeachment, however, it shall serve amended pretrial disclosures that comply with Fed. R. Civ. P. 26(a)(3)(A)(ii).  It shall file such amended disclosures no later than fourteen days before the hearing.

IT IS THEREFORE ORDERED THAT Defendant Alber Electric's Motion for Reconsideration of December 3, 2008 Order (doc. 118) is overruled and the alternative motion for Plaintiff to identify each portion of the transcript upon which it will rely at the damages hearing is sustained in part and overruled in part as herein set forth.

Dated this 6th day of January 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt<br>Gerald L. Rushfelt<br>U.S. Magistrate Judge