IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MR. ELECTRIC CORP., | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION |
| v. | ) No. 06-2414-CM<br>) |
| REIAD KHALIL and<br>ALBER ELECTRIC CO, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Mr. Electric Corp. ("plaintiff") brings this case against defendants Reiad Khalil and Alber Electric Company, Inc., alleging violations of the Lanham Act, 15 U.S.C. § 1051, et seq., and various state laws. In April 2007, defendant Khalil filed for bankruptcy, and the case was automatically stayed as to him. In September 2007, defendant Alber Electric ("defendant") consented to default judgment as to liability, including an award of the permanent injunction requested by plaintiff, but contested damages. (*See* Docs. 76 & 78.) In November 2007, the parties agreed that it was necessary for the court to make a determination as to whether plaintiff was entitled to any relief in addition to the permanent injunction.

After additional discovery, the court conducted a damages hearing and found that plaintiff was entitled to damages in the amount of $358,277.40 under the Lanham Act. Pending before the court is Defendant Alber Electric's Motion for Judgment as a Matter of Law, to Amend the Findings or Alternatively for a New Trial; Altering or Amending the Judgment (Doc. 187). Defendant requests relief under Federal Rules of Civil Procedure 50, 52, and 59(a) and (e).

## I. Legal Standards

"Rule 50 by its express language applies only to jury trials, not bench trials." *Schulte v. Potter*, 218 F. App'x 703, 710 n.5 (10th Cir. 2007). The applicable rule in bench trials is Rule 52(b). *Id*. Rule 52(b) provides that, upon motion by a party, the court may amend its findings or make additional findings and may amend the judgment. Fed. R. Civ. P. 52(b). "A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories." *Penncro Assocs., Inc. v. Sprint Spectrum L.P.*, No. 04-2549-JWL, 2006 WL 1999121, at *2 (D. Kan. July 17, 2006) (citing *Myers v. Dolgencorp, Inc.*, No. 04-4137-JAR, 2006 WL 839458, at *1 (D. Kan. Mar. 25, 2006)). A motion under Rule 52(b) may accompany a Rule 59 motion. Fed. R. Civ. P. 52(b).

Following a nonjury trial, the court may grant a new trial on some or all of the issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Under Rule 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." "[T]he purpose of a Rule 59(a)(2) motion is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Waugh v. Williams Cos., Inc. Long Term Disability*, 323 F. App'x 681, 684−85 (10th Cir. 2009) (internal citations and quotations omitted).

A Rule 59(e) motion is similarly limited. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). It provides the court with an opportunity to correct manifest errors of law or fact, to hear newly discovered evidence, or to consider a change in the law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Neither a Rule 59(a) nor a Rule 59(e)

motion is the appropriate avenue to revisit issues already considered or to argue matters not raised in prior briefs. *Id.*; *Waugh*, 323 F. App'x at 684−85.

**II. Discussion**

Defendant argues that it is entitled to relief from the court's damages award on three grounds: (1) plaintiff did not prove that defendant's actions were willful; (2) the court did not properly weigh the equities; and (3) the court did not correctly calculate the damages.[1] Because liability was established through defendant's default, the sole issue presented at the damages hearing was whether plaintiff was entitled to damages under its Lanham Act claim.

Plaintiff is not required to demonstrate actual damages in order to sustain a profit award under the Lanham Act. *W. Diversified Servs., Inc. v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005). In the absence of actual damages, a plaintiff may recover the defendant's profits based upon the alternative theories of the prevention of unjust enrichment and the deterrence of willful infringement. *Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1055 (10th Cir. 2001). Under either theory, an award of profits involves a two-step process: (1) a finding of willfulness or bad faith; and (2) a weighing of the equities. *W. Diversified*, 427 F.3d at 1273. When weighing the equities, the court considers factors such as (1) the degree of certainty that the defendant benefitted from the unlawful conduct; (2) availability and adequacy of other remedies; (3) the role of a particular defendant in effectuating the infringement; (4) plaintiff's laches; and (5) plaintiff's unclean hands. Although not a prerequisite, "a finding of actual damage remains an important factor in determining whether an award of profits is appropriate." *Id.* (citation and quotation omitted.)

*A. Willfulness*

---

[1] In its motion, defendant attacks Plaintiff's Proposed Preliminary Findings of Fact and Conclusions of Law for Damages Hearing (Doc. 147) instead of addressing the court's ruling. The court has attempted to apply defendant's arguments to the rulings made by the court.

Defendant argues that (1) the court should not have relied on defendant's consent to entry of default to support plaintiff's allegation of willfulness and (2) the record does not support a finding of willfulness. This case is atypical because willfulness plays a dual role—it is an element of plaintiff's Lanham Act claim and a prerequisite for damages under the Lanham Act. Defendant consented to entry of default as to liability, which is effectively an admission of willfulness. *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994) ("Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact, except those relating to the amount of damages."); *Cf. Strippit, Inc. v. Coffee*, No. 09-CV-509A, 2009 WL 3644247, at *2 (W.D. N.Y. Oct. 27, 2009) ("Defendant's willfulness and intent, even though established by default, suffices to warrant treble damages."). When determining that defendant's actions were willful for purposes of the damages analysis, the court relied on defendant's consent to default judgment; however, the court also relied on the evidence presented at the hearing.

As the court stated during the damages hearing, the court considered all of the evidence presented at the hearing. The court found that plaintiff was entitled to damages because the evidence indicated that defendant continued to use the Mr. Electric trademark name and marks to solicit and perform work on projects in and around the Johnson County area, by (1) performing service calls to customers under the Mr. Electric trademarks through the use of the service van featuring the Mr. Electric trademarks on the side and back panels of the van; (2) receiving requests for those service calls to the same telephone numbers through which Mr. Khalil operated his former Mr. Electric franchise; (3) notifying customers the businesses were merging; and (4) continuing to solicit customers via the internet through a web site located at www.Mr.ElectricKC.com. Specifically, Jeffrey Meyers testified that when he called defendant the phone was answered as though the business was Mr. Electric; that he was told

the two companies were merging; and that when defendant made its service call, it arrived in a van marked Mr. Electric.

The court has reviewed defendant's motion and finds that defendant has not established that the court made manifest errors of law or fact or that there is newly discovered evidence or a change in the law that require the court to amend its ruling.

### B. *Weighing of the Equities*

At the hearing, the court weighed the equities by considering (1) the degree of certainty that the defendant benefitted from the unlawful conduct; (2) availability and adequacy of other remedies; (3) the role of a particular defendant in effectuating the infringement; (4) plaintiff's laches; and (5) plaintiff's unclean hands. Based on the evidence presented to the court, the court found that these considerations weighed in favor of an accounting of defendant's profits. The court relied on the evidence presented at the hearing, including Mr. Meyers's testimony that: (1) when he called defendant the phone was answered as though the business was Mr. Electric; (2) he was told the two companies were merging; and (3) when defendant made its service call, it arrived in a van marked Mr. Electric.

Defendant's motion disputes the finding of the court by reiterating defendant's previous arguments; it does not establish that the court made manifest errors of law or fact or that there is newly discovered evidence or a change in the law that require the court to amend its ruling.

### C. *Damage Calculation*

To establish profits under the Lanham Act, the plaintiff is required to prove the defendant's sales only; the defendant must prove all elements of cost or deduction claimed. 15 U.S.C. §§ 1117(a). The court found that the evidence, including plaintiff's exhibits 10 and 11, showed that defendant's profits between April 2006 and October 2006—the period of infringement—were $358,277.40, taking into account defendant's gross sales and cost. The court found this amount to be appropriate to prevent

defendant's unjust enrichment and deter future infringement. Defendant's motion does not establish that the court's ruling was in clear error.

The court has reviewed defendant's motion and finds no basis upon which to grant a new trial or alter or amend the judgment. The court previously considered the arguments presented by defendant, and no manifest error of law, newly discovered evidence, or change in the law is apparent. Moreover, as discussed above, there was substantial competent evidence to support the court's damages award.

**IT IS THEREFORE ORDERED** that Defendant Alber Electric's Motion for Judgment as a Matter of Law, to Amend the Findings or Alternatively for a New Trial; Altering or Amending the Judgment (Doc. 187) is denied.

Dated this 22nd day of June 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**