IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MR. ELECTRIC CORP., | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) No. 06-2414-CM |
| REIAD KHALIL and | ) |
| ALBER ELECTRIC CO, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Mr. Electric Corp. brings this case against defendants Reiad Khalil and Alber Electric Company, Inc., alleging violations of the Lanham Act, 15 U.S.C. § 1051, et seq., and various state laws. In April 2007, defendant Khalil filed for bankruptcy, and the case was automatically stayed as to him. In September 2007, defendant Alber Electric consented to default judgment as to liability, including an award of the permanent injunction requested by plaintiff, but contested damages. (*See* Docs. 76 & 78.) In November 2007, the parties agreed that it was necessary for the court to make a determination as to whether plaintiff was entitled to any relief in addition to the permanent injunction.

After additional discovery, the court conducted a damages hearing and found that plaintiff was entitled to damages in the amount of $358,277.40 under the Lanham Act. On October 15, 2009, the clerk entered a judgment memorializing the court's ruling that, "the plaintiff Mr. Electric Corp. recover from the defendant Alber Electric Co., Inc. the amount of three hundred fifty eight thousand two hundred seventy seven dollars and forty cents ($358,277.40)." (Doc. 182.) On October 28, 2009, the clerk amended the judgment to include costs. (Doc. 194.)

The court's October judgment is not a final judgment because it does not resolve the claims against defendant Khalil. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Such an order or decision is only a final judgment if the court "expressly determines that there is no just reason for delay" and "direct[s] entry of a final judgment as to one or more, but fewer than all, claims or parties." *Id.* "This is so even if the order may seem 'final' as far as the particular defendants and/or claims addressed therein are concerned." *Kirby v. Dallas County Adult Probation Dep't*, 280 F. App'x 743, 746 (10th Cir. 2008). The court's October judgment did not make a Rule 54(b) determination directing the entry of a final judgment,[1] and to date, plaintiff's claims against defendant Khalil remain pending.

Subsequent to the court's October judgment, the parties filed multiple motions regarding the court's judgment: Defendant Alber Electric's Motion for Relief from a Judgment (Doc. 183); Defendant Alber Electric's Motion to Stay Proceedings to Enforce a Judgment (Doc. 185); Defendant Alber Electric's Motion for Judgment as a Matter of Law, to Amend the Findings or Alternatively for a New Trial; Altering or Amending the Judgment (Doc. 187); Plaintiff's Motion for Attorneys' Fees (Doc. 192); and Plaintiff's Motion to Strike Defendant Alber Electric Co., Inc's "Opposition to Request for Attorney's Fees", (Dkt. 212), or, In The Alternative, for Leave to File a Sur-Surreply (Doc. 213). The court has addressed defendant's motion for a new trial and will now address the remaining motions.

---

[1] When analyzing a Rule 54(b) motion, the court weighs the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). In doing so, the court considers "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (citation and internal quotation marks omitted). Here, the claims against defendants arise out of the same set of facts, as do defendants' defenses. It is likely that appealing separate orders relating to each defendant would cause the appellate court to have to decide the same issues more than once.

**Defendant Alber Electric's Motion for Relief from a Judgment (Doc. 183);
Plaintiff's Motion for Attorneys' Fees (Doc. 192); and Plaintiff's Motion to Strike
Defendant Alber Electric Co., Inc's "Opposition to Request for Attorney's Fees",
(Dkt. 212), or, In The Alternative, for Leave to File a Sur-Surreply (Doc. 213)**

Defendant Alber Electric seeks relief from the court's October judgment under Rule 60(b)(4), arguing that the judgment is void. Rule 60(b), however, "only applies to final orders or judgments." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003); Fed. R. Civ. P 60(b) (stating the court may relieve a party from a "final judgment, order, or proceeding."). Because the court's judgment is not final, Rule 60(b) is inapplicable, and defendant Alber Electric's motion is premature. Thus, the court overrules the motion.

Similarly, plaintiff's motion for attorney's fees is also premature. Plaintiff seeks attorney's fees pursuant to "Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), as well as the Judgment entered in this action in Mr. Electric's favor on October 15, 2009." (*See* Doc. 192, at 1.) The damages award memorialized in the court's October judgment was made pursuant to plaintiff's Lanham Act claims. But that order is not final—the claims against defendant Khalil remain pending. The court may revise an interlocutory order at any time prior to the entry of final judgment. *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007) (citing *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")).

Plaintiff's Lanham Act claim was alleged against defendants jointly and severally. In *Frow v. De La Vega*, 82 U.S. 552 (1872), the court considered the effect of a default by fewer than all defendants when an action is brought against multiple defendants, charging them with joint and several liability. Holding that judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants, the court explained:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

82 U.S. at 554.[2] Plaintiff's Lanham Act claim against defendant Khalil is still pending. Although default judgment as to liability was entered against defendant Alber Electric, the default judgment may be modified if defendant Khalil prevails on the claims. *See, e.g., Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (reversing the district court's decision not to vacate a default judgment and remanding with instructions to modify the default judgment to be consistent with the adjudication of liability and damages against the non-defaulting defendant). Defendant Khalil has denied certain critical facts that support the court's liability and damages judgments against defendant Alber Electric—whether defendant Khalil acted willfully, for example. Because the outcome of the Lanham Act claims against defendant Khalil may affect the judgment against defendant Alber Electric, the court will not award attorney's fees on the non-final judgment. Accordingly, plaintiff's motion for attorney's fees and the related motion to strike are denied without prejudice.

**Defendant Alber Electric's Motion to Stay Proceedings to Enforce a Judgment (Doc. 185)**

Upon review of defendant Alber Electric's motion to stay enforcement of the judgment (Doc. 185), the court finds that it too is denied. Defendant Alber Electric requests a stay of execution under Rule 62(b) and (h). As this order resolves all pending post-trial motions, defendant's request under Rule 62(b) is moot. Fed. R. Civ. P. 62(b) (allowing the court to stay execution of a judgment pending disposition of motions filed under Rules 50, 52(b), 59, or 60).

---

[2] The *Frow* doctrine also applies where multiple defendants have closely-related defenses, although not jointly liable. *See Wilcox v. Raintree Inns of Am., Inc.*, No. 94-1050, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996).

Rule 62(h) provides that where there are multiple parties, as in this case, the court may stay the enforcement of a final judgment entered under Rule 54(b). A discussed above, the court's October judgment was not certified as a final judgment under Rule 54(b). Thus, Rule 62(h) is inapplicable to the court's October judgment. For these reasons, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant Alber Electric's Motion for Relief from a Judgment (Doc. 183) is denied as premature.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 192); and Plaintiff's Motion to Strike Defendant Alber Electric Co., Inc's "Opposition to Request for Attorney's Fees", (Dkt. 212), or, In The Alternative, for Leave to File a Sur-Surreply (Doc. 213) are denied.

**IT IS FURTHER ORDERED** that Defendant Alber Electric's Motion to Stay Proceedings to Enforce a Judgment (Doc. 185) is denied.

Dated this 22nd day of June 2010, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**