IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MR. ELECTRIC CORP.,** ) | |
|   ) | |
|   **Plaintiff,** ) | |
|   ) | |
| v.  ) | No. 06-2414-CM-GLR |
|   ) | |
| **REIAD KHALIL, an individual,** ) | |
| **and ALBER ELECTRIC CO., INC.,** ) | |
|   ) | |
|   **Defendants.** ) | |
|   ) | |

**MEMORANDUM AND ORDER**

Plaintiff Mr. Electric Corp. moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) defendant Reiad Khalil's ("defendant") five breach of contract counterclaims because the factual allegations are insufficient under the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In *Twombly*, the Supreme Court explained that the complaint must include sufficient factual matter to state a claim for relief that is plausible. *Id.* at 570. Defendant's counterclaims 1–4 do not satisfy this standard, but his final counterclaim does. Accordingly, the court grants plaintiff's motion to dismiss (Doc. 221) in part. Because these counterclaims were filed pre-*Twombly*, the court also grants defendant ten (10) days from the date of this order to amend counterclaims 1–5 to include additional factual allegations.

**I.      Background**

In 2005, plaintiff and defendant entered a franchise agreement ("Agreement"). The relationship subsequently broke down, and plaintiff filed this lawsuit in 2006 alleging that defendant infringed plaintiff's trademark, engaged in unfair competition, and breached the Agreement. Defendant filed five counterclaims alleging breaches of the Agreement. Plaintiff moved to dismiss defendant's counterclaims but—before the court ruled on plaintiff's motion—defendant filed a notice

of bankruptcy. The court promptly stayed litigation as to this defendant on June 4, 2007. The court lifted the stay nearly four years later on April 12, 2011, and granted plaintiff leave to file a renewed motion to dismiss.

**II.     Analysis**

   **a. Defendant's Counterclaims 1–3 Fail To State A Claim To Relief That Is Plausible Because Defendant Did Not Include Sufficient Factual Allegations Regarding The Alleged Breach**

Plaintiff argues that defendant's counterclaims 1–3 should be dismissed for failure to state a claim because defendant did not include factual matter regarding each alleged breach. The court will dismiss a cause of action for failure to state a claim only when the factual matter in the complaint fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint that fails to include factual allegations for an essential element of the cause of action does not state a claim to relief that is plausible. *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009).

It is axiomatic that breach is an essential element for a breach of contract counterclaim under Kansas and Texas law.[1] *Smith Int'l, Inc. v. Engle Grp. L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007) (*citing Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. 2001)); *Commercial Credit Corp. v. Harris*, 510 P.2d 1322, 1325 (Kan. 1973). Defendant's complaint, however, does not include sufficient factual allegations for the breaches alleged in counterclaims 1–3. Rather, for these counterclaims, defendant's complaint only includes a conclusory allegation that plaintiff breached a section of the Agreement. *See Twombly*, 550 U.S. at 555 (explaining that the complaint must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

---

[1]   The Agreement includes a Texas choice of law provision, but both parties cite to Kansas substantive law in their briefs.

For example, in defendant's first counterclaim, he alleges that "[plaintiff] breached the Agreement by not training [defendant] properly." (Doc. 32 at 2.) Defendant does not provide any facts regarding plaintiff's improper training even though those facts are likely within defendant's possession. *See Paek v. Plaza Home Mortg., Inc.*, No. 09-1729, 2009 U.S. Dist. LEXIS 54888, at \*6 (C.D. Cal. June 15, 2009) (dismissing breach of contract claim in part because plaintiffs fail to identify "any details regarding the alleged miscalculation"); *Cincinnati Ins. Co. v. Cost Co.*, No. 5:10CV7, 2010 U.S. Dist. LEXIS 46387, at \* 7–8 (N.D. W. Va. May 11, 2010) (granting motion to dismiss breach of contract claim and noting that "[t]he facts needed to properly support the claim should be within the plaintiff's control"). Defendant's second counterclaim (alleging that plaintiff "breached the Agreement by failing to provide sales analysis and ongoing support") and third counterclaim (alleging plaintiff "breached the Agreement by disclosing confidential information outside the scope of said circumstances") are equally deficient. *See, e.g.*, *Schlief v. Nu-Score, Inc.*, No. 10-4477, 2011 U.S. Dist. LEXIS 44446, at \*11–12 (D. Minn. Apr. 25, 2011) (granting motion to dismiss breach of contract counterclaim because defendant failed to plead facts identifying the type of confidential information that was improperly copied).

Defendant does not need to provide detailed factual allegations. *Twombly*, 550 at 555. But he must provide sufficient factual allegations that the court—assuming all well-pleaded facts to be true—can determine that defendant's right to relief is plausible. *See Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[W]e assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."). As currently pleaded, the court can't reach that conclusion for the breaches alleged in counterclaims 1–3. Accordingly, the court grants plaintiff's motion to dismiss these counterclaims.

### b. **Defendant's Counterclaim 4 Fails To State A Claim To Relief That Is Plausible Because Defendant Did Not Include Sufficient Factual Allegations Regarding His Right To Enforce The Contract**

Plaintiff seeks to dismiss defendant's fourth counterclaim because defendant does not allege that defendant was either a party to the contract or an intended beneficiary of the contract. The court agrees. Defendant's fourth counterclaim alleges that plaintiff failed to enforce contract provisions in plaintiff's contracts with plaintiff's other franchisees and that this failure to enforce resulted in harm to defendant. But defendant does not allege that he is a party to these contracts, nor does defendant provide any facts suggesting that he is a beneficiary of these contracts. *See Camco Oil Corp. v. Vander Laan*, 220 F.3d 897, 889 (5th Cir. 1955) ("The Texas law is clear that in order for a third party to recover on a contract to which he is not a party, it must clearly be shown that the contract was intended for his benefit.") (*citing Banker v. Breaux*, 128 S.W.2d 183, 186 (Tex. 1939)); *State ex rel. Stovall v. Reliance Ins. Co.*, 107 P.3d 1219, 1230–31 (Kan. 2005). Without these allegations, defendant's fourth counterclaim does not state a claim to relief that is plausible. Accordingly, the court dismisses this counterclaim.

### c. **Defendant's Counterclaim 5 States A Plausible Claim For Relief**

Plaintiff argues that defendant's fifth counterclaim fails because this counterclaim relies on a misinterpretation of the Agreement and because defendant waived his right to utilize dispute resolution by filing these counterclaims. The court disagrees. To resolve this issue, the court considers undisputed copies of the Agreement (Doc. 222-1) and plaintiff's complaint (Doc. 1), which are referred to in—and central to—defendant's counterclaim. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (explaining that "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

Defendant's fifth counterclaim alleges that plaintiff breached the Agreement by filing plaintiff's fourth claim in this court instead of utilizing the dispute-resolution procedures outlined in Section 13 of the Agreement. Plaintiff responds that Section 13(K) expressly allows plaintiff to file a lawsuit for violations of Sections 9 and 12, which are the types of allegations included in plaintiff's fourth claim. But plaintiff's fourth claim also alleges violations of Section 5. Because breaches of Section 5 are not expressly excused from the dispute-resolution procedures in Section 13, plaintiff's argument is unpersuasive.

Plaintiff's second argument is equally unpersuasive at this stage of the litigation. A party can waive its right to use dispute resolution. *See, e.g.*, *Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696, 701 (10th Cir. 1989) (discussing the standard for waiver of arbitration obligations when defendant moved to compel arbitration). But plaintiff's brief has not made the required showing. The Agreement also includes a "Waiver and Delay" provision, which plaintiff has not addressed. (Doc. 222-1 at 31.) Accordingly, defendant's fifth counterclaim survives the motion to dismiss.

### d. **The Court Grants Defendant Ten (10) Days To Amend Counterclaims 1–5 To Include Additional Factual Allegations**

The court is mindful of the change in pleading standards since defendant filed his counterclaims. Therefore, the court grants defendant ten (10) days from the date of this order to amend counterclaims 1–5 to include additional factual allegations. The court includes counterclaim 5 because, although it survives this motion, it is less than ideal. If defendant fails to file amended counterclaims within that time, counterclaims 1–4 will be dismissed with prejudice. Of course, plaintiff may answer, move, or otherwise respond to these amended counterclaims as necessary.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Doc. 221) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant is granted ten (10) days from the date of this order to amend counterclaims 1–5 to include additional factual allegations. If defendant fails to file amended counterclaims within that time, counterclaims 1–4 will be dismissed with prejudice.

Dated this 23rd day of November 2011, at Kansas City, Kansas.

               **s/ Carlos Murguia**
               **CARLOS MURGUIA**
               **United States District Judge**