**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MR. ELECTRIC CORP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-02414-CM |
| | ) |
| **REIAD KHALIL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff Mr. Electric Corp. moves to dismiss defendant Reiad Khalil's four breach of contract counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 249). The court will dismiss a cause of action pursuant to Rule 12(b)(6) only when the factual allegations fail to state a claim to relief that is plausible on its face or when an issue of law is dispositive. Applying this standard, the court determines that counterclaims 1 through 3 survive plaintiff's motion to dismiss. Counterclaim 4,[1] however, fails as a matter of law. Accordingly, the court grants plaintiff's motion in part.

**I.  Background**

Plaintiff filed this lawsuit in 2006 alleging that defendant infringed plaintiff's trademarks, engaged in unfair competition, and breached a 2005 franchise agreement ("the Agreement"). Defendant asserted five counterclaims alleging various breaches of the Agreement. Plaintiff moved to dismiss these counterclaims. Before the court ruled on plaintiff's motion, defendant filed for bankruptcy. The court promptly stayed this case as to this defendant.

---

[1] Both plaintiff and defendant refer to defendant's fourth counterclaim as counterclaim 5. For clarity, the court refers to this counterclaim as counterclaim 4.

Once defendant emerged from bankruptcy, the court lifted the stay and granted plaintiff leave to file a renewed motion to dismiss. The court granted plaintiff's motion in part but, recognizing the change in pleading standards since defendant filed his counterclaims, granted defendant leave to file amended counterclaims. Defendant withdrew one counterclaim, which has been dismissed with prejudice, and filed four amended counterclaims alleging various breaches of the Agreement. Plaintiff's current motion challenges all four counterclaims.

## II. Analysis

### A. Counterclaims 1-2 Each State A Claim To Relief That Is Plausible On Its Face

Plaintiff moves to dismiss counterclaims 1-2 because both counterclaims fail to state a claim to relief that is plausible on its face. Specifically, plaintiff argues that defendant has not included sufficient factual allegations regarding each alleged breach. A Rule 12(b)(6) motion provides a vehicle for a litigant to challenge the legal sufficiency of a claim. Federal Rule of Civil Procedure 8(a) provides the requirements for the legal sufficiency of a claim for relief. Specifically, Rule 8(a) requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this obligation, the pleader must include factual allegations that "state a claim to relief that is plausible on its face." *Id.* at 570. To make this showing, the pleader must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Counterclaims 1-2 contain enough facts regarding each alleged breach to state a claim to relief that is plausible on its face. Some of the amendments that defendant made to these

counterclaims constitute factual allegations about the alleged breach. For example, counterclaim 1 now alleges that plaintiff did not conduct additional training seminars. And counterclaim 2 now alleges that plaintiff failed to provide sales analysis of promotional efforts and financial status to defendant. The addition of these factual allegations slightly nudges counterclaims 1-2 from "conceivable to plausible" and, therefore, results in these counterclaims surviving plaintiff's motion to dismiss. *See Twombly*, 550 U.S. at 570 (granting motion to dismiss because plaintiffs "have not nudged their claims across the line from conceivable to plausible"); *see also Sec. Servs. Fed. Credit Union v. First Am. Mortg. Funding, LLC*, No. 08-cv-00955, 2010 U.S. Dist. LEXIS 39421, at *10–11 (D. Colo. Mar. 30, 2010) (denying motion to dismiss breach of contract claim and noting that "[h]ad FAM merely alleged that Stewart Tile 'failed to perform the contract' the outcome would be different").[2]

### B. Counterclaim 3 States A Claim To Relief That Is Plausible On Its Face And Does Not Fail As A Matter Of Law

Plaintiff also moves to dismiss counterclaim 3 because it lacks sufficient factual allegations about the alleged breach. Like counterclaims 1-2, some of the amendments made to counterclaim 3 constitute factual allegations. For example, counterclaim 3 now alleges that plaintiff disclosed confidential information to third parties. It also alleges that plaintiff disclosed confidential information to other franchisee employees and owners of Mr. Electric of Clay County, Missouri without authorization from defendant. The addition of these factual allegations results in counterclaim 3 including enough facts to state a claim for relief that is plausible. *Twombly*, 550 U.S. at 570.

---

[2] As the court noted in its November 23, 2011 order, a complaint that fails to include factual allegations for an essential element of the cause of action does not state a claim to relief that is plausible. (Doc. 237 at 2.) Under both Kansas and Texas law, an element of a breach of contract claim is performance or tendered performance by the party bringing the claim. *Commercial Credit Corp. v. Harris*, 510 P.2d 1322, 1325 (Kan. 1973); *Smith Int'l, Inc. v. Egle Grp. LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l LLC*, 51 S.W.3d 345, 351 (Tex. App. 2001)). Plaintiff did not raise this issue as a possible basis for dismissing defendant's counterclaims, so the court does not address it.

Plaintiff also moves to dismiss counterclaim 3 because this counterclaim fails as a matter of law. Specifically, plaintiff argues that the plain language of the Agreement allows plaintiff to disclose confidential information to the parties identified by defendant in counterclaim 3. To resolve this argument, the court considers an undisputed copy of the Agreement (Doc. 250-1), which is referred to in—and central to—defendant's counterclaim 3. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (explaining that "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

The primary rule in interpreting contracts is to ascertain the intention of the parties and to give effect to that intent. *Ryco Packaging Corp. v. Chapelle Int'l, Ltd.*, 926 P.2d 669, 674 (Kan. Ct. App. 1996) (citing *Hollenbeck v. Household Bank*, 829 P.2d 903, 906 (Kan. 1992)); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983).[3] If the contract has a plain and definite meaning, then it is not ambiguous and the court can construe the contract as a matter of law. *Hezlep v. A-1 Oil & Gas Co.*, 212 P. 881, 882–83 (Kan. 1923); *Coker*, 650 S.W.2d at 394. The court should limit itself to the four corners of the contract when construing an unambiguous contract. *Westar Energy, Inc. v. Wittig*, 235 P.3d 515, 530–31 (Kan. Ct. App. 2010); *Tex. v. Am. Tobacco Co.*, 463 F.3d 399, 407 (5th Cir. 2006) (citing *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 732–33 (Tex. 1981)).

Regardless of whether plaintiff's interpretation of the Agreement is correct, defendant's counterclaim 3 still survives this Rule 12(b)(6) challenge because the relationship between plaintiff and one of the parties identified in counterclaim 3—specifically Mr. Electric of Clay County, Missouri—is not clear. In other words, there is nothing in defendant's counterclaim or

---

[3] The Agreement includes a Texas choice-of-law provision. (Doc. 250-1 at 32.) Both parties cite to Kansas law, and the court does not discern any relevant significant differences between the law of Kansas and Texas.

the Agreement that suggests that Mr. Electric of Clay County, Missouri is either plaintiff's franchisee or plaintiff's affiliate's franchisee.  Without knowing this information, the court cannot determine that counterclaim 3 fails as a matter of law even if plaintiff's interpretation of the Agreement is correct.  In addition, defendant also alleges that plaintiff shared this information with franchisee <u>employees</u>, which is not a party expressly identified in Section 4D.  Accordingly, defendant's counterclaim 3 survives this Rule 12(b)(6) challenge.

### C.  Counterclaim 4 Fails As A Matter Of Law

Plaintiff moves to dismiss counterclaim 4 because the plain language of the Agreement precludes this counterclaim.  In counterclaim 4, defendant alleges that plaintiff breached the Agreement by failing to utilize the dispute resolution procedures outlined in Section 13 of the Agreement.  In its motion to dismiss, plaintiff argues that Section 13(K) of the Agreement excuses this lawsuit from the dispute resolution procedures outlined in Section 13.  Therefore, plaintiff argues that because the plain language of Section 13(K) allows plaintiff to bring this lawsuit without first utilizing dispute resolution, defendant's counterclaim 4 fails as a matter of law.

Section 13(K) provides that:

> **K.     Emergency Relief.**  During the course of a Dispute, should a situation arise relating to the Marks or relating to a situation in which [Mr. Electric] will suffer irreparable loss or damage unless [Mr. Electric] takes immediate action, including but not limited to threatened or actual conduct in violation of Sections 9 and 12 of this Agreement, [Mr. Electric] shall be free to seek declaratory relief, restraining orders, preliminary injunctive relief and/or other relief, and such actions or lawsuits shall not be considered in violation of the provisions of this Section 13.

(Doc. 250-1 at 29.)  In its previous motion to dismiss, plaintiff raised a similar argument.  Specifically, in its previous motion, plaintiff argued that this counterclaim should be dismissed because "Section 9 . . . and 12 . . . of the Franchise Agreement are the <u>exact</u> provisions that

[plaintiff] alleges in its Complaint that [defendant] has breached." (Doc. 222 at 8 (emphasis in original).) The court understood plaintiff's argument in that motion to be that this counterclaim should be dismissed because all of the allegations in plaintiff's complaint involved either Section 9 or 12. But one of the claims in plaintiff's complaint referred to Section 5. Because plaintiff's argument as the court understood it did not account for this claim, the court denied plaintiff's original motion. (Doc. 237 at 5 ("Because breaches of Section 5 are not expressly excused from the dispute-resolution procedures in Section 13, plaintiff's argument is unpersuasive.").)

In this motion, plaintiff raises a new argument. Specifically, plaintiff argues in this motion that the plain language of Section 13(K) excludes this lawsuit from the dispute resolution procedures of Section 13 because claims in this lawsuit relate to the Marks. Notably, plaintiff is not arguing that **all** of the claims in this lawsuit relate to the Marks. Rather, plaintiff's position is that so long as a claim in the lawsuit relates to the Marks, then the entire lawsuit is excused from the dispute resolution procedures in Section 13.

The court agrees with plaintiff's arguments. After reviewing the Agreement, the court determines that Section 13(K) has a definite and certain legal meaning. *Hezlep*, 212 P. at 882–83; *Coker*, 650 S.W.2d at 394. Therefore, Section 13(K) is unambiguous and the court must apply its plain meaning. The plain meaning of this section is that plaintiff can file a lawsuit and seek declaratory relief, restraining orders, preliminary injunctive relief and/or other relief without first engaging in the dispute resolution procedures outlined in Section 13 so long as the complaint filed with the court includes a claim related to the Marks. In this case, plaintiff's complaint involves claims regarding the Marks. Because the complaint includes claims that involve the Marks, this "action[ ]or lawsuit[] shall not be considered in violation of the

provisions of this Section 13." (Doc. 250-1 at 29.) Accordingly, plaintiff's position is correct and the plain language of the Agreement allows plaintiff to bring all the claims in this lawsuit.

Defendant argues that Section 13(K) is very narrow and only excludes claims that involve the Marks or that relate to a situation in which plaintiff will suffer irreparable loss or damage unless plaintiff takes immediate action. But this narrow interpretation is expressly contradicted by the statement in Section 13(K) that "such actions or lawsuits" are not in violation of Section 13. Defendant's interpretation would require that clause to only excuse "such claims" or "such causes of action."

Defendant further argues that plaintiff's interpretation would "render the arbitration provisions of the Franchise Agreement meaningless." (Doc. 258 at 6.) The court disagrees. There are several situations that could arise that involve neither the Marks nor irreparable loss or damage. And, unless plaintiff had a good faith basis for including a claim in the complaint that involved either of these situations, plaintiff would be required to abide by the arbitration provisions. Accordingly, the plain language of the Agreement does not render Section 13 meaningless.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Doc. 249) is granted in part.

Dated this 27th day of February 2012, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**